Robin B. Cheatham
Northern District of Texas Bar No. 18036
Scott R. Cheatham
Texas Bar No. 24050406
Adams and Reese LLP
4500 One Shell Square
New Orleans, Louisiana  70139
Phone:  (504) 581-3234
Fax:  (504) 566-0210
robin.cheatham@arlaw.com

*Attorneys for Eucla Investments Limited*

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| AMSHALE ENERGY LLC, A Texas limited liability company | § § § § | CASE NO. 16-33754-SGJ-11 |

**MEMORANDUM OF LAW IN SUPPORT OF EUCLA INVESTMENTS LIMITED'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. §§ 1408(a) AND/OR 1412**

## TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ................................................................................................................. i

TABLE OF AUTHORITIES ......................................................................................................... ii

JURISDICTION ............................................................................................................................. 1

CORE PROCEEDING .................................................................................................................... 1

PROCEDURE ................................................................................................................................. 1

SUMMARY OF ARGUMENT ...................................................................................................... 1

RELEVANT BACKGROUND ...................................................................................................... 2

ARGUMENT .................................................................................................................................. 4

I.      SECTION 1408's MANDATORY FACTORS REQUIRE TRANSFER TO THE SOUTHERN DISTRICT OF TEXAS ..................................................................................4

      A.      Debtor's Domicile and Residence are Located in the Southern District of Texas ..................................................................................................................5

      B.      Debtor's Principal Place of Business is the Southern District of Texas ..................7

      C.      Debtor's Principal Asset is Located in the Southern District of Texas ..................7

II.     THE INTERESTS OF JUSTICE AND CONVENIENCE OF THE PARTIES FAVOR TRANSFER TO THE SOUTHERN DISTRICT OF TEXAS ..............................9

CERTIFICATE OF CONFERENCE............................................................................................ 10

CONCLUSION............................................................................................................................. 11

## TABLE OF AUTHORITIES

**Decisions**                                                            **Page(s)**

*Af-Cap Inc. v. Republic of Congo*,
    383 F.3d 361 (5th Cir. 2004) .................................................................................... 7-8

*City of Clinton, Arkansas v. Pilgrim's Pride Corp.*,
    No. 5:09-CV-386-Y, 2009 WL 4884430 (N.D. Tex. Dec. 17, 2009) .................................. 6

*In re Abacus Broad. Corp.*,
    154 B.R. 682 (Bankr. W.D. Tex. 1993) ......................................................................... 4, 6

*In re Blixseth*,
    84 B.R. 360 (9th Cir. 2012) ......................................................................................... 8, 9

*In re Brown*,
    184 B.R. 741 (Bankr. W.D. Tex. 1995) ............................................................................ 4

*In re Nat'l Warranty Ins. Risk Retention Grp.*,
    300 B.R. 719 (Bankr. D. Neb. 2003) ................................................................................ 5

*In re Condor Exploration, LLC*,
    294 B.R. 370 (Bankr. D. Colo. 2003) ............................................................................... 5

*In re Crosby Nat'l Golf Club, LLC*,
    534 B.R. 888 (Bankr. N.D. Tex. 2015) .................................................................. 5, 9, 10

*In re Dunmore Homes, Inc.*,
    380 B.R. 663 (Bankr. S.D.N.Y. 2008) ............................................................................. 5

*In re ERG Intermediate Holdings, LLC*,
    No. 15-31858, 2015 WL 6521607 (Bankr. N.D. Tex. Oct. 27, 2015) .............................. 6

*In re Frame*,
    120 B.R. 718 (Bankr. S.D.N.Y. 1990) ............................................................................. 4

*In re Houghton Mifflin Harcourt Publ'g Co.*,
    474 B.R. 122 (Bankr. S.D.N.Y. 2012) ............................................................................. 5

*In re Moss*,
    49 B.R. 411 (Bankr. N.D. Tex. 2000) .............................................................................. 9

*In re Newport Creamery, Inc.*,
    265 B.R. 614 (Bankr. M.D. Fla. 2001) ............................................................................ 6

**Page(s)**

*In re Pope Vineyards*,
    90 B.R. 252 (Bankr. S.D. Tex. 1988) ...............................................................................10

*In re Positron Corp.*,
    541 B.R. 816 (Bankr. N.D. Tex. 2015)...........................................................................5-6

*In re Silicon Valley Innovation Co.*,
    No. 12-52706-ASW, 2012 WL 3778853 (Bankr. N.D. Cal. Aug. 30, 2012) .....................8

*In re Spicer Oaks Apartments, Ltd.*,
    80 B.R. 142 (Bankr. E.D. Mo. 1987).................................................................................5

*In re Standard Tank Cleaning Corp.*,
    133 B.R. 562 (Bankr. E.D.N.Y. 1991)...............................................................................5

*Leroy v. Great W. United Corp.*,
    443 U.S. 173 (1979)...........................................................................................................6

*Matter of Commonwealth Oil Ref. Co.*,
    596 F.2d 1239 (5th Cir. 1979),
    *cert. denied*, 444 U.S. 1045 (1980) ...................................................................................9

*Tabacalera Severiano Jorge, S.A. v. Standard Cigar Co.*,
    392 F.2d 706 (5th Cir. 1968) .............................................................................................8

*U.S. Indus., Inc. v. Gregg*,
    540 F.2d 142 (3d Cir. 1976)..........................................................................................7-8

**Statutes**

11 U.S.C. § 1334................................................................................................................1

28 U.S.C. §§ 157(b)(2)(A) ................................................................................................1

28 U.S.C. §§ 157(b)(2)(B) ................................................................................................1

28 U.S.C. §§ 157(b)(2)(O) ................................................................................................1

28 U.S.C. § 1408.......................................................................................................1, 4, 9, 11

28 U.S.C. § 1408(1) ..................................................................................................1, 4, 6, 7

28 U.S.C. § 1408(2) ..........................................................................................................4

28 U.S.C. § 1412.....................................................................................................1, 9, 10, 11

| **Rules** | **Page(s)** |
|---|---|
| Fed. R. Bankr. P. 1014(a)(2) | 1, 4 |
| Bankr. N.D. Tex. R. 7007-1(a) | 10 |

COMES NOW, Eucla Investments Limited ("Eucla"), creditor and party-in-interest, which files this Memorandum of Law (the "Memorandum") in Support of its Motion to Transfer Venue Pursuant to 28 U.S.C. §§ 1408(1) and/or 1412 (the "Motion"), and avers as follows:

## JURISDICTION

1. This Court has jurisdiction over the subject matter of this Motion pursuant to § 1334 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

## CORE PROCEEDING

2. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), and (O).

## PROCEDURE

3. The Court may grant the relief requested in the Motion pursuant to 28 U.S.C. §§ 1408 and 1412 and Rule 1014(a)(2) of the Federal Rules of Bankruptcy Procedure.

## SUMMARY OF ARGUMENT

4. The above-captioned debtor, Amshale Energy, LLC (the "Debtor"), is a Texas limited liability company that is resident, domiciled, and has its principal place of business located in the Southern District of Texas. Based on the Debtor's organizational documents and filings with this Court, as well as the other facts at hand, there is no connection between the Northern District of Texas and Debtor. Nor is there any connection between this District and Eucla (the Debtor's only secured creditor), the Debtor's assets, or any other creditor or party-in-interest. This case therefore should be transferred to the United States Bankruptcy Court for the Southern District of Texas pursuant to 28 U.S.C. §§ 1408 and/or 1412 and Rule 1014(a)(2).[1]

---

[1] By the accompanying Motion for Entry of an Order Dismissing the Debtor's Chapter 11 Case with Prejudice Pursuant to Sections 1112(b) and/or 305(a) of the Bankruptcy Code, Eucla is separately moving to dismiss the Debtor's bankruptcy case. Additional details regarding the Eucla Loan and Eucla's secured interest are provided in that motion and the accompanying memorandum of law in support of that motion.

1

**RELEVANT BACKGROUND**

5.   The Debtor is a Texas limited liability company based in Houston. Its Certificate of Formation, which was filed with the Texas Secretary of State on August 7, 2012 (the "Certificate of Formation"), identifies John Houghtaling as its Manager and Registered Agent and provides the following address: 2323 South Shepherd Drive, Suite 800, Houston, Texas 77019 (the "Houston Address"). *See* Ex. A at 2.[2]  Texas Franchise Tax Public Information Reports filed with the Texas Secretary of State similarly designate the Houston Address as the Debtor's "principal office," "principal place of business," and "mailing address," as well as the designated office address of the Debtor's Member and Registered Agent. *See* Ex. B at 1-3.

6.   On September 26, 2016, the Debtor filed its Chapter 11 Voluntary Petition (the "Petition") and a creditors list identifying two unsecured creditors (the "Creditors List"). On October 11, 2016, the Debtor filed its schedules and statement of financial affairs (collectively, the "Schedules"). The Petition identifies the Debtor's Houston Address as its principal place of business, and does not reference any other mailing address or location for the Debtor's principal assets. *See* Ex. C at 1 (ECF No. 1). Debtor's Notice of Chapter 11 Bankruptcy Case similarly identifies the Houston Address as Debtor's official address. *See* Ex. D (ECF No. 6).

7.   Eucla is the Debtor's only secured creditor. On April 30, 2014, the Debtor, as borrower, and Eucla, as lender, entered into a Loan and Guaranty Agreement (the "Loan and Guaranty Agreement"), pursuant to which Eucla made a loan in the principal amount of $18,750,000 (the "Eucla Loan") to the Debtor to enable the Debtor to purchase a 47.5% equity interest in American Ethane Company, LLC ("American Ethane"), a Texas limited liability company. On June 10, 2014, the Debtor, as pledgor, and Eucla, as pledgee, entered into a Pledge

---

[2]   All references to "Ex. __" herein refer to Exhibits filed with this Motion.

Agreement (the "Pledge Agreement"), pursuant to which the Debtor granted Eucla an absolute and unconditional first-priority interest in the entirety of the Debtor's equity interest in American Ethane, the certificates representing those interests and all voting (and other) rights therein, all proceeds and other collateral received by the Debtor, and all books, records, and other materials relating to any Eucla Loan collateral (collectively, the "Collateral"). The Debtor's Schedules specifically acknowledge the Eucla Loan as both secured and undisputed, and do not identify any creditors located in this District. *See* Ex. E at 5-7 (ECF No. 13).

8. As with the Debtor's filings with this Court and the Texas Secretary of State, the Eucla Loan documents designated Debtor's official address of record as the Houston Address. Specifically, the Loan and Guaranty Agreement designated the Houston Address as Debtor's official address for both notice and official service of process. *See* Ex. F §§ 7.2, 7.9. The Pledge Agreement further incorporated the same Houston Address for all notices, requests, and demands. *See* Ex. G § 8.2.

9. Despite the Debtor's Houston Address and undisputed Harris County connection, Debtor's Petition nonetheless states that this District is an appropriate venue for this case because the Debtor "has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition . . . ." *See* Ex. C at 3 (ECF No. 1). This conclusion is not supported by any of the available evidence, and is belied by Debtor's own court filings. Eucla therefore respectfully requests that this case be transferred to the Southern District of Texas.

**ARGUMENT**

**I.  SECTION 1408's MANDATORY FACTORS REQUIRE TRANSFER TO THE SOUTHERN DISTRICT OF TEXAS**

10. Pursuant to Rule 1014(a)(2) of the Federal Rules of Bankruptcy Procedure, where venue of a bankruptcy case is improper, the Court should either dismiss the case or transfer it to a proper venue. *See In re Frame*, 120 B.R. 718, 722 (Bankr. S.D.N.Y. 1990) (holding that "the court may not retain an improperly venued case and must either transfer the case or dismiss it"); *see also In re Brown*, 184 B.R. 741, 742 (Bankr. W.D. Tex. 1995) (transferring improperly venued case to New Mexico to avoid forum shopping); *In re Abacus Broad. Corp.*, 154 B.R. 682, 684-87 (Bankr. W.D. Tex. 1993) (finding that "economic and efficient administration" warranted transfer of Chapter 7 case, noting that debtor's "attempt at forum shopping [was] obvious . . . [and] also impermissible").

11. Venue for this case is governed by 28 U.S.C. § 1408. That provision states:

> Except as provided in Section 1410 of this title, a case under title 11 may be commenced in the district court for the district –
>
> (1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located than in any other district; or
>
> (2) in which there is pending a case under title 11 concerning such person's affiliate, general partner, or partnership.

28 U.S.C. § 1408. Because no prior filing was made in this District, § 1408(2) is inapplicable. Accordingly, venue in this District is proper only if the Debtor satisfies § 1408(1).

12. Section 1408(1) enumerates four alternative grounds for proper venue: (1) domicile, (2) residence, (3) principal place of business, and (4) principal assets. All four of

4

these venue-related factors warrant transfer of this bankruptcy case to the Southern District of Texas.

### A. Debtor's Domicile and Residence are Located in the Southern District of Texas

13. The Bankruptcy Code does not specifically define the terms "domicile" and "residence." Some courts, including one from this District, have held that a corporation's domicile is its state of incorporation. *See In re Crosby Nat'l Golf Club, LLC*, 534 B.R. 888, 890 (Bankr. N.D. Tex. 2015); *In re Dunmore Homes, Inc.*, 380 B.R. 663, 670 (Bankr. S.D.N.Y. 2008); *In re Rimsat, Ltd.*, 98 F.3d 956, 960 (7th Cir. 1996); *In re Nat'l Warranty Ins. Risk Retention Grp.*, 300 B.R. 719, 730 (Bankr. D. Neb. 2003); *In re Spicer Oaks Apartments, Ltd.*, 80 B.R. 142, 143 (Bankr. E.D. Mo. 1987). However, multiple other courts have held that domicile and residence considerations should not be applied to corporate entities when determining whether venue is appropriate. *See In re Condor Exploration, LLC*, 294 B.R. 370, 373 (Bankr. D. Colo. 2003) (holding that "domicile and residence generally apply to individuals and not to a corporation"); *In re Standard Tank Cleaning Corp.*, 133 B.R. 562, 564 (Bankr. E.D.N.Y. 1991) (holding that "to determine whether venue is proper in this district, the court must look at the Debtor's principal place of business and principal assets"); *see also In re Houghton Mifflin Harcourt Publ'g Co.*, 474 B.R. 122, 134-35 (Bankr. S.D.N.Y. 2012) (holding that "residence" only applies to natural person).

14. This general debate aside, however, courts have found that the appropriateness of venue in a particular district still depends on the facts of the case and the Debtor's direct connection to the district. For example, in *In re Positron Corporation*, 541 B.R. 816, 817 (Bankr. N.D. Tex. 2015), a court in this District found that venue was proper in the Northern District of Texas because the debtor was "a Texas corporation *that has maintained operations in*

5

*the Northern District, specifically Lubbock, Texas*." *Id.* at 817-18 (emphasis added). Other courts have taken the same approach. *See, e.g.*, *City of Clinton, Arkansas v. Pilgrim's Pride Corp.*, No. 5:09-CV-386-Y, 2009 WL 4884430, at *3, 5, 7 (N.D. Tex. Dec. 17, 2009) (finding venue to be proper in the Eastern District of Texas, where debtor's principal assets, place of business, and headquarters were located); *but see In re ERG Intermediate Holdings, LLC*, No. 15-31858, 2015 WL 6521607, at *4 (Bankr. N.D. Tex. Oct. 27, 2015). The *Positron* ruling is consistent with the plain language of § 1408(1), which is specific and conclusive when it states that a bankruptcy proceeding may be commenced in the "*district court for the district*" in which the Debtor or its principal assets are located. *See* 28 U.S.C. § 1408(1) (emphasis added). The statute's specific language thus limits venue to a specific judicial district.

15.     A central purpose of the venue statute is to protect against "the risk that a plaintiff will select an unfair or inconvenient place of trial." *In re Newport Creamery, Inc.*, 265 B.R. 614, 622 n.3 (Bankr. M.D. Fla. 2001) (citing *Leroy v. Great W. United Corp.*, 443 U.S. 173, 184 (1979)). Allowing debtors to file bankruptcy cases in any district in the states in which they are incorporated, regardless of whether they have any connection to that district, is contrary to that purpose and promotes improper forum shopping. *See In re Abacus Broad. Corp.*, 154 B.R. at 687 (affirming transfer where debtor filed its petition in El Paso while employees and operations were in Salt Lake City, noting that "the smell of forum shopping was strong indeed"). This is especially the case here, where there are *no* assets, parties, corporate records, or any other case-related connections to the Northern District of Texas.

16.     Indeed, the Debtor's own bankruptcy-related filings, corporate records, and agreements make clear that it has *no* connection whatsoever to the Northern District of Texas. Debtor's Petition, Schedules, notices, and other Chapter 11 filings with this Court all

6

acknowledge that it is based in the Southern District of Texas. *See* Ex. C at 1; Ex. D; Ex. E at 5-7. Similarly, the Debtor's Certificate of Formation and Texas Franchise Tax Public Information Reports represent that its address and operations are based, for all purposes, at the Houston Address. *See* Ex. A at 1-2; Ex. B at 1-3. Under the plain language of § 1408(1) and the logic of *Positron*, the Southern District of Texas should be considered Debtor's specific "district" of domicile and residence. Accordingly, the first two venue-related criteria strongly favor transfer of this case to the Bankruptcy Court for the Southern District of Texas.

### B. Debtor's Principal Place of Business is the Southern District of Texas

17. The Debtor also has no business presence in the Northern District of Texas. The Petition lists the Houston Address as Debtor's address for all purposes, as do the Debtor's organizational documents. *See* Ex. C at 1; Ex. A at 1-2; Ex. B at 1-3. Furthermore, Debtor's Registered Agent and Member are identified in the Debtor's organizational documents as being located at the Houston Address. *See* Ex. A at 1-2. Lastly, Debtor's mailing matrix and Schedules identify multiple notice parties as being located at the Houston Address. *See* Ex. F at 2; Ex. E at 6-7. The only other address listed for *anyone* directly involved with overseeing Debtor's business is located in the Eastern District of Louisiana. *See* Ex. C at 4-6; Ex. E at 6.[3] Accordingly, venue of this case is not appropriately laid in the Northern District of Texas.

### C. Debtor's Principal Asset is Located in the Southern District of Texas

18. Because intangible property, such as the Debtor's pledged equity interest in American Ethane, has no physical location, determining the situs for such property requires a "common sense appraisal of the requirements of justice and convenience in particular conditions." *Af-Cap Inc. v. Republic of Congo*, 383 F.3d 361, 371 (5th Cir. 2004) (citing *U.S.*

---

[3] The Debtor's Petition was signed by John Houghtaling as manager of Houghtaling Enterprises, LLC, which recently changed its name to H Ventures, LLC and is identified as having an address of 3500 North Hullen Street, Metairie, Louisiana 70002.

7

*Indus., Inc. v. Gregg*, 540 F.2d 142, 151 n.5 (3d Cir. 1976) (internal citations and quotations omitted)). In *Tabacalera Severiano Jorge, S.A. v. Standard Cigar Co.*, 392 F.2d 706, 714 (5th Cir. 1968), after noting that "[t]he situs of intangible property is about as intangible a concept as is known to the law," the Fifth Circuit held that the situs of intangible property will vary depending on the context:

> The situs may be in one place for ad valorem tax purposes, . . . ; it may be in another place for venue purposes, i.e., garnishment, . . . ; it may be in more than one place for tax purposes in certain circumstances, . . . ; it may be in still a different place when the need for establishing its true situs is to determine whether an overriding national concern, like the application of the Act of State Doctrine is involved.

*Id.* at 714-15 (citations omitted).

19. Given this standard, some courts have found that corporate ownership interests, such as stock or limited liability company membership units, are located in the place of the pledged entity's formation or incorporation or where the owner of the stock or interest is domiciled. *See In re Silicon Valley Innovation Co.*, No. 12-52706-ASW, 2012 WL 3778853, at *2-4 (Bankr. N.D. Cal. Aug. 30, 2012) (transferring case to Delaware where the debtor's principal asset, stock of a Delaware corporation, was located). In *In re Blixseth*, a case in which the debtor's residence could not be readily determined, the Ninth Circuit Bankruptcy Appellate Panel (BAP) held that a case involving the debtor's membership interest in a Nevada LLC and partnership was properly venued in the District of Nevada, where those intangible membership and partnership interests were deemed to be located. *See In re Blixseth*, 484 B.R. 360, 370 (9th Cir. 2012).

20. Here, the Schedules make clear that Debtor's *only* asset is its membership interest in American Ethane, a Texas limited liability company whose Texas Franchise Tax Public Information Report for 2015 indicates its "principal office" and "principal place of business" as

8

the Houston Address. *See* Ex. J at 1. Thus, applying the reasoning of *Blixseth* and the other cases cited above, Debtor's primary asset is located in the Southern District of Texas and transfer to that District is warranted.

## II. THE INTERESTS OF JUSTICE AND CONVENIENCE OF THE PARTIES FAVOR TRANSFER TO THE SOUTHERN DISTRICT OF TEXAS

21. Even where venue is otherwise proper under 28 U.S.C. § 1408, courts may transfer venue in the interest of justice or for the convenience of the parties under 28 U.S.C. § 1412. The decision to transfer or retain a case under § 1412 "lies within the sound discretion of the court." *In re Moss*, 249 B.R. 411, 425 (Bankr. N.D. Tex. 2000) (citing *Matter of Commonwealth Oil Ref. Co.*, 596 F.2d 1239, 1247 (5th Cir. 1979), *cert. denied*, 444 U.S. 1045 (1980)). In undertaking its "interest of justice" analysis, this Court should consider "(a) the venue in which the estate can be most efficiently administered, (b) the venue that will promote judicial economy and efficiency, (c) the parties' ability to receive a more fair trial in one forum versus another, and (d) a state's interest in having local controversies decided within its borders." *Crosby*, 534 B.R. at 890-91 (internal citations omitted).

22. The third and fourth factors are neutral in this case, and favor neither this District nor the Southern District of Texas. However, the first and second factors both strongly favor transfer of this bankruptcy proceeding to the Southern District of Texas. As explained above, the Debtor is located in the Southern District of Texas. Its only asset is an equity interest in a Texas LLC that is located at the same Houston Address. The dispute that brought about the commencement of this proceeding was a dispute between the Debtor, which is located in the Southern District of Texas, and Eucla, which loaned the Debtor substantial funds secured by a pledge of the Debtor's entire membership interest in that same Houston-based LLC.

9

Accordingly, the Southern District of Texas court is the most appropriate venue to advance the interests of judicial economy and efficient case administration.

23. The Southern District of Texas also will be more convenient for the parties. When considering the convenience of the parties, the Court should consider "(a) the location and proximity of the parties to the court, (b) the ease of access to proof, (c) the convenience of witnesses, (d) the location of assets, including books and records, (e) the availability of subpoena power over witnesses, and (f) expenses related to witnesses." *Crosby*, 534 B.R. at 892 (internal citations omitted); *see also In re Pope Vineyards*, 90 B.R. 252, 256-59 (Bankr. S.D. Tex. 1988) (transferring case from Southern District of Texas to California when most assets, creditors, and witnesses were in California).

24. Here, not a single party to this case is located in the Northern District of Texas. By contrast, the official notice address supplied for a majority of the parties, including the Debtor and its identified co-debtors, is the Houston Address. *See, e.g.*, Ex. A at 2; Ex. D at 2; Ex. E at 5-7; Ex. H at 2. The remaining notice parties identified in Debtor's court filings are located in the Eastern District of Louisiana or outside the United States. *See* Ex. E at 5-7. Furthermore, Debtor's only asset is located in the Southern District of Texas. *See* Ex. I at 1. Thus, considering the location of the parties, transfer to the Southern District of Texas is wholly appropriate under 28 U.S.C. § 1412.

## CERTIFICATE OF CONFERENCE

25. Pursuant to Rule 7007-1(a) of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas, before filing this Motion with the Court, Eucla's counsel conferred with the Debtor's counsel to determine whether this Motion is opposed by the Debtor. Eucla certifies that this Motion is opposed by the Debtor.

## **CONCLUSION**

For all of the foregoing reasons, Eucla respectfully requests that this Court enter an order (i) transferring this case to the United States Bankruptcy Court for the Southern District of Texas pursuant to 28 U.S.C. §§ 1408 and/or 1412, and (ii) granting such other and further relief as may be just and proper.

Dated: November 1, 2016

>Respectfully submitted,
>
>**ADAMS AND REESE LLP**
>
>*/s/Robin B. Cheatham*
>Robin B. Cheatham
>Northern District of Texas Bar No. 18036
>Scott R. Cheatham
>Texas Bar No. 24050406
>Adams and Reese, L.L.P.
>4500 One Shell Square
>New Orleans, Louisiana  70139
>Phone:  (504) 581-3234
>Fax:  (504) 566-0210
>robin.cheatham@arlaw.com
>
>-and-
>
>FRIED, FRANK, HARRIS, SHRIVER
>   & JACOBSON LLP
>Stephen M. Juris, Esq.
>Jennifer L. Rodburg, Esq.
>One New York Plaza
>New York, New York 10004
>Phone: (212) 859-8000
>Fax: (212) 859-4000
>
>*Attorneys for Eucla Investments Limited*